Filed 4/18/25  P. v, Burgos-Avila CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099885 |
| Plaintiff and Respondent, | (Super. Ct. No. 23FE007848) |
| v. | |
| FRANCISCO BURGOS-AVILA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Francisco Burgos-Avila asks this court to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  Finding no arguable error that would result in a disposition more favorable to Burgos-Avila, we affirm the judgment.

BACKGROUND

Burgos-Avila became angry with the victim, his girlfriend at the time, when they were trying to put window tinting on her car.  He told her to "kick rocks and leave."

1

When she started to walk away, he yelled at her and told her that he was going to hit her and that she would regret it if she did not come back. She called 911, and he drove off.

While the victim was waiting for the police to arrive, Burgos-Avila drove up and yelled at her to get in the car. When she refused, he got out of the car, grabbed her by her hair, dragged her to the car, and forced her into the back seat. She got out when he walked around the car toward the driver's side, but he caught her again by her hair and dragged her back to the car.

With the victim in the back seat, Burgos-Avila drove around for over an hour. Her phone rang multiple times, and he grabbed it from her. When she tried to regain possession of her phone, he grabbed her by her hair and pushed her down. As she continued to try to take her phone back, he pulled her hair and bit her arm. She scratched him, and he bit her ear. At one point while the car was moving, the victim shifted the car into park because she wanted someone to hit them so she could escape. Sometime later, Burgos-Avila hit the victim with his fist, first in her right eye and then in her left.

Burgos-Avila said the car was running out of gas, but they passed gas stations and he did not stop. Eventually, he pulled off the freeway and began driving on back roads. After an hour or more of driving, the car ran out of gas. Burgos-Avila threatened to duct tape the victim to the steering wheel and to cut off her head and send it to her children if she tried to escape. He then got into the back seat, wrapped his arm and legs around the victim, and fell asleep. He pinned her down so she could not move when he was sleeping.

Two days later, Burgos-Avila allowed the victim to go to work, instructing her to tell anyone who asked that she had been robbed and beaten up. He kept the victim's phone and wallet, allowing her to take only the identification she used to enter her office. One of her managers urged her to tell someone about what was causing her to come to work with bruises. Eventually, the victim confided in her managers, who encouraged her

to call the police and press charges.  She called the police, and when they came to her office, she told them about Burgos-Avila forcing her into the car and hitting her.

A jury found Burgos-Avila guilty of kidnapping, inflicting corporal injury upon a cohabitant or dating partner resulting in a traumatic condition, and making criminal threats.  In a bifurcated proceeding, the jury found true the allegation that the victim was particularly vulnerable with respect to all three offenses and the allegations that both the kidnapping and corporal injury "involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness."

The trial court sentenced Burgos-Avila to the middle term of five years for kidnapping, plus a consecutive term of one year in prison for inflicting corporal injury resulting in a traumatic condition, for an aggregate sentence of six years in prison.  The court found that Penal Code section 654 did not apply to these two offenses because they "were separate and distinctive, and the crimes and their objectives were predominantly independent of each other."  The court imposed the middle term of two years in prison for making criminal threats and stayed that term pursuant to Penal Code section 654.

Burgos-Avila filed a timely notice of appeal from the judgment.

DISCUSSION

Burgos-Avila's appointed counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Burgos-Avila was advised by counsel of his right to file a supplemental brief within 30 days from the filing of the opening brief.  We have not received any communication from him.

We have undertaken an examination of the record and conclude that there is no arguable error that would result in a disposition more favorable to Burgos-Avila.

3

# DISPOSITION

The judgment is affirmed.

/s/
FEINBERG, J.

We concur:

/s/
EARL, P. J.

/s/
MESIWALA, J.